WASHINGTON LAND CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10858.   Promulgated February 2, 1928.

*J. E. Houston, Esq.*, for the petitioner.
*Brice Toole, Esq.*, for the respondent.

OPINION.

MARQUETTE: In the deficiency notice respondent has computed the gains and profits from realty transactions for 1920 as follows:

### Sale of Bodine Farm.

| | | |
|---|---:|---:|
| Payment received in 1919 | $5,000.00 | |
| Less: Commission paid on sale | 1,960.00 | |
| Net payment in 1919 | 3,040.00 | |
| Cash received in 1920 | 95,226.75 | |
| Liberty bonds received in 1920 | 650.00 | |
| Total selling price less commission | | $98,916.75 |
| Paid by petitioner in 1919 | $4,040.00 | |
| "    "    "    " 1920 | 91,000.00 | |
| Total cost to petitioner | | 95,040.00 |
| Profit from sale realized in 1920 | | $3,876.75 |

### Sale of Dubois Farm.

| | | |
|---|---:|---:|
| Payment received in 1919 | $2,000.00 | |
| Less: Commission paid on sale | 1,666.66 | |
| Net payment in 1919 | 333.34 | |
| Cash received in 1920 | 26,150.00 | |
| Total selling price less commission | | $26,483.34 |
| Paid by petitioner in 1918 | $1,333.34 | |
| "    "    " " 1920 | 22,000.00 | |
| Total cost to petitioner | | 23,333.34 |
| Profit from sale realized in 1920 | | 3,150.00 |

### Sale of Mississippi Farm.

| | | |
|---|---:|---:|
| Payment received in 1920 | $13,220.49 | |
| Total selling price | | $13,220.49 |
| Paid by petitioner in 1919 | $8,304.72 | |
| Less: Part of purchase price returned | 1,000.00 | |
| | 7,304.72 | |
| Cost of clearing title in 1920 | 250.00 | |
| Total cost to petitioner | | 7,554.72 |
| Profit from sale realized in 1920 | | 5,665.77 |
| Total profits from realty sales realized in 1920 | | 12,692.52 |

The petitioner contends that it is not a dealer in real estate since the laws of Illinois forbid the organization of corporations for the purpose of holding real property, but, rather is a dealer in securities, engaged in buying and selling real estate contracts; that its books of account were kept on the basis of cash receipts and disbursements; that under the method of keeping its books the proceeds from the sale of real estate contracts received in any taxable year constitute income in their entirety for that year, and all amounts paid for the purchase of real estate contracts are proper deductions, as expenses, from the income of the year in which disbursed; and that respondent erred in computing the gain on each transaction separately, and in allocating the whole thereof to 1920. As an alternative proposition, it contends that as a dealer in securities, it should be permitted to inventory it sales contracts at cost and to have the gains and profits from the sale of real estate contracts computed by the use of such inventories.

We do not find it necessary to determine or say whether the petitioner is engaged in the purchase and sale of real estate contracts, as it contends, or is dealing in real property, as contended by the respondent; since, in either event, the solution of the issue raised must be the same.

The petitioner kept no books of account other than a record of receipts and disbursements in the corporate minute book. If it can be said that the petitioner regularly employed a particular method of accounting in keeping its books, it must be the cash receipts and disbursements method. The petitioner's income is clearly reflected by the receipts and disbursements method; and that being the case, the petitioner is entitled to have its income computed in accordance with that method. Section 212 (b), Revenue Act of 1918.

However, the issue calls for something more than a mere determination of the proper basis of computing the petitioner's income. The petitioner asks us to give approval to certain practices which apparently have prevailed in keeping its books, and which are clearly wrong under the taxing statute and contrary to sound accounting practice. Under the petitioner's conception of the proper application of the receipts and disbursements method of accounting, all receipts are income, merely because they are money coming into the business, and all disbursements, irrespective of their character or purpose, are proper expense deductions from income, simply because they are an outlay of money. The proceeds of a sale, though they be less than the cost to petitioner of the thing sold, are treated as income because they represent money received; and the disbursement of cash, though it be but a mere conversion of cash into some other form of capital asset, is treated as an expense deduction from income, for no other reason than that it represents an outlay of cash.

Let us see, first, what the situation would be if the petitioner's accounting theories were permitted to prevail. The petitioner has raised no issue with respect to the correctness of the basic figures used by the respondent in his computations of the profits on the three transactions in question; hence, we shall assume that they are correct. On the three transactions, then, petitioner realized a total profit of $12,692.52. Following the petitioner's theories, this profit would be accounted for over a period of three years in the following manner:

|  | Income | Deductions |
|---|---|---|
| **1918** | | |
| Payment by petitioner on purchase price of Dubois Farm | | $1,333.34 |
| Loss for 1918 | $1,333.34 | |
| **1919** | | |
| Payment received on sale of Bodine Farm | 5,000.00 | |
| Commission paid " " " " " | | 1,960.00 |
| Payment on purchase price of " " | | 4,040.00 |
| Payment received on sale of Dubois Farm | 2,000.00 | |
| Commission paid " " " " " | | 1,666.66 |
| Payment on purchase price of Mississippi Farm | | 7,304.72 |
|  | 7,000.00 | 14,971.38 |
| Loss for 1919 | 7,971.38 | |
| **1920** | | |
| Payment received on sale of Bodine Farm | 95,876.75 | |
| Payment on purchase price of " " | | 91,000.00 |
| Payment received on sale of Dubois Farm | 26,150.00 | |
| Payment on purchase price of " " | | 22,000.00 |
| Payment received on sale of Mississippi Farm | 13,220.49 | |
| Cost of clearing title on " " | | 250.00 |
|  | 135,247.24 | 113,250.00 |
| Profit for 1920 | | 21,997.24 |

*Recapitulation*

| Year | Losses | Profit |
|---|---|---|
| 1918 | $1,333.34 | |
| 1919 | 7,971.38 | |
| 1920 | | $21,997.24 |
| Total | 9,304.72 | 21,997.24 |
| Deduct losses | | 9,304.72 |
| Net profit | | 12,692.52 |

A method of accounting which reflects losses in respect of the same specific transactions for two years, when as a matter of fact each transaction resulted in a profit, or which reflects a profit in a third year in respect of the same transactions greater than the actual profit realized, certainly can not be said to clearly reflect income, and its use for computing taxable net income is, therefore, expressly prohibited by statute.

Further, a taxpayer keeping its books of account according to the cash receipts and disbursements method is not entitled in computing

taxable net income to deduct from income, as expenses, all disbursements made during the year, irrespective of their character or purpose. The statutory prohibition of the deduction of capital expenditures is applicable alike to all taxpayers regardless of the method of accounting employed in computing net income. The conversion of cash into some other form of capital assets, though literally a cash disbursement, is a capital expenditure, and this is true whether the asset acquired is intended for sale or trade or is to be permanently devoted to the use of the business. The payment by the petitioner in 1918 of the sum of $1,333.34 on the purchase price of the Dubois Farm was a capital expenditure, and income was not affected thereby; and the same thing is true with respect to the payments made by the petitioner in 1919 on the purchase prices of the Bodine and Mississippi Farms in the amounts of $4,040 and $7,304.72, respectively.

When in 1919 the petitioner sold the Bodine and Dubois Farms, its investments in those properties were $4,040 and $1,333.34, respectively, but these amounts did not represent the entire cost to the petitioner of the properties, for in 1920 it paid the further sums of $91,000 for the Bodine Farm, and $22,000 for the Dubois Farm. Upon the sale of the properties it received in 1919, down payments of $5,000 on the Bodine Farm, out of which it paid a sales commission of $1,960, and $2,000 on the Dubois Farm, out of which it paid a sales commission of $1,666.66. The balance of the selling price was received in 1920. In the case of both properties, the selling price, after the deduction of sales commissions, was greater than the ultimate purchase price which the petitioner was required to pay. On each transaction the petitioner would realize a profit. The receipts and disbursements in 1919, in connection with these properties, then, did not reflect, or comprise the whole of, the transactions involving their purchase and sale; and income was neither greater nor less because of them. It could not be said that the petitioner sustained a loss in 1919 because the net proceeds received in that year were less than the petitioner's investments, for in the following year it was to pay and receive further sums on account of the purchase and selling prices, respectively, and gains and losses from transactions of this type must be determined, under the statute, by comparison of total selling price with total cost. The transactions could not be divided into two parts, one allocated to one taxable year and the other to another taxable year, and gain or loss computed on each part, for, as is plainly evident in this case, income would not be clearly reflected thereby.

The down payments received by the petitioner in 1919 represented a return of capital, leaving the petitioner's investments in the properties, at the close of 1919, at $1,000 in the case of both the Bodine and Dubois Farms. The Mississippi Farm was not sold until 1920, so that petitioner's investment therein, at the close of 1919, was $7,304.72.

The purchases and sales of these three properties, and all payments in connection therewith, were completed in 1920 and the profits derived from the sales were realized in that year. The following is a proper computation, according to the cash receipts and disbursements method of computing income, of the profits realized from the sales.

| | Remaining cost at Dec. 31, 1919 | Paid by petitioner in 1920 | Total cost basis | Payments received in 1920 | Profit |
|---|---|---|---|---|---|
| Bodine Farm | $1,000.00 | $91,000.00 | $92,000.00 | $95,876.75 | $3,876.75 |
| Dubois Farm | 1,000.00 | 22,000.00 | 23,000.00 | 26,150.00 | 3,150.00 |
| Mississippi Farm | 7,304.72 | 250.00 | 7,554.72 | 13,220.49 | 5,665.77 |
| Totals | 9,304.72 | 113,250.00 | 122,554.72 | 135,247.24 | 12,692.52 |

Whatever the reasoning behind the respondent's computations, or the method of accounting upon which they are based, the fact is that he has arrived at the correct profit, with respect to these three transactions, to be returned as income for 1920, and his action is approved.

*Judgment will be entered for the respondent.*